UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Scott Michaels,
Plaintiff,

v.

Mediacom Communications Corporation,
Defendant.

**Civil Action No. 1:25-cv-06596**

COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES

(Jury Trial Demanded)

FIRST AMENDED COMPLAINT AND JURY DEMAND

**PRELIMINARY STATEMENT**
Plaintiff files this First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(1). This pleading supersedes the original complaint filed in this action 1:25-cv-06596-UA and is now the operative complaint.

NATURE OF THE ACTION

1. This case arises from a billion-dollar telecommunications corporation's campaign to suppress an entrepreneur's lawful revival of the historic New York Cosmos brand.

2. Defendant Mediacom Communications Corporation, controlled by billionaire Rocco B. Commisso, has used shell entities, fraudulent filings, false takedown notices, and defamatory statements to destroy Plaintiff's commercial opportunities, including a $5 million crowdfunding campaign.

3. Plaintiff seeks damages, declaratory judgment, and injunctive relief to halt this ongoing corporate interference.

JURISDICTION AND VENUE
4. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1338, and 1367, as claims arise under the Lanham Act (15 U.S.C. §§ 1120, 1125(a)) and related New York common law.
5. Venue is proper under 28 U.S.C. § 1391(b)(1)–(2) because Defendant is headquartered in this District, and material acts occurred here.

PARTIES
6. Plaintiff Scott Michaels is an entrepreneur and football industry professional, founder of Football Is For The Fans Ltd (UK) and Football Is For The Fans Inc. (Delaware).Plaintiff has standing because Defendant's conduct directly harmed his ability to lawfully commercialize his applied-for marks and crowdfunding campaign, causing concrete economic and reputational injury
7. Plaintiff personally owns and is the recorded applicant for USPTO applications for NEW YORK COSMOS™ and COSMOS™ (Serial Nos. 99232515, 99273334), assigned into his name in 2025.

8. Defendant Mediacom Communications Corporation is a Delaware corporation headquartered at 1 Mediacom Way, Mediacom Park, Chester, NY 10918 — the same address used by Cosmos Soccer Club LLC in TTAB proceedings and USPTO trademark registations..

FACTUAL BACKGROUND

A. Mediacom's Control of Cosmos and NASL

9. In 2016, Commisso acquired the New York Cosmos and installed Mediacom personnel into management.
10. Since September 2020, the Cosmos have not played a competitive match.
11. Despite abandonment, Defendant filed Section 8/9 maintenance declarations at the USPTO for Cosmos marks, attaching false specimens of use.
12. NASL LLC, tied to Mediacom and its commissioner, has published disparaging content about Plaintiff online.
13. In December 2016, Soccer United Marketing ("SUM") offered $5 million to acquire Cosmos assets, conditioned on a ten-year prohibition against fielding a team in the New York metro area. Commisso rejected this offer, describing it as a deliberate attempt to "terminate the franchise and eliminate the organization as a competitor." Instead, Mediacom assumed control of Cosmos intellectual property not to operate a competitive club, but to warehouse the brand and weaponize it against rivals.

B. Plaintiff's Revival Efforts

14. Plaintiff developed a commercial strategy to revive NASL-era clubs, beginning with the Cosmos.
15. Plaintiff filed USPTO applications for NEW YORK COSMOS™ and COSMOS™ in 2025.
16. Plaintiff planned NASL-branded events, retro merchandising, and a $5,000,000 Wefunder campaign.
17. In soft launch activity, Plaintiff raised approximately $14,000 organically in the first month without advertising spend, demonstrating measurable investor interest and validating market appetite. Comparable clubs raised millions via Regulation CF campaigns — Oakland Roots ($3.65M) and Detroit City FC ($1.49M) — despite lacking the Cosmos' historic brand recognition.

C. Mediacom's Interference

18. Fraudulent USPTO Filings: Defendant knowingly filed false Section 8/9 declarations for abandoned marks.
19. False YouTube Takedown: On June 29, 2025, Defendant, via shell entity Cosmos Soccer Club LLC, submitted a false trademark complaint to YouTube, removing Plaintiff's "NY Cosmos 1970" channel, the primary vehicle for his Wefunder campaign.
20. Defamation by Coordination: Werner Roth, a former Cosmos captain, published "A Farewell to the Opportunist" on LinkedIn, branding Plaintiff a fraud. This post was coordinated with Defendant's counsel and timed to litigation filings.
21. Investor and PR Sabotage: Following these actions, investors withdrew, press releases were removed from Google News, and momentum for Plaintiff's campaign was disrupted.
22. Unauthorized Licensing: While marks were abandoned and cancellations pending, Defendant executed unauthorized licensing deals with Capelli Sports and transferred marks to Hinchliffe Sports Partners LLC.
23. Purchase Attempt: On June 27, 2025, Stephen Ward of Polaris Corporate Risk Management, acting on behalf of Defendant, attempted to purchase NY Cosmos 1970 merchandise from Plaintiff. Plaintiff refused, concerned the transaction was designed for entrapment.

DAMAGES

24. Plaintiff reasonably expected to raise $5,000,000, the statutory maximum under Regulation CF.
25. Plaintiff's early traction ($14,000 in first month without advertising) demonstrated viability, but Defendant's interference cut off growth before the "hockey-stick" stage typical in crowdfunding.
26. Defendant's conduct destroyed this opportunity, suppressed Plaintiff's digital channels, and

caused reputational and financial harm.

CAUSES OF ACTION

Count I – Tortious Interference with Prospective Economic Advantage (NY law)
27–32. Defendant interfered with Plaintiff's $5M raise using wrongful means — false filings, takedowns, and defamation — actionable under Guard-Life Corp. v. Parker Hardware, 50 N.Y.2d 183 (1980), and Carvel Corp. v. Noonan, 3 N.Y.3d 182 (2004).

Count II – Fraud on the USPTO (15 U.S.C. § 1120)
33–36. Defendant knowingly filed false specimens and declarations to maintain abandoned marks, damaging Plaintiff's commercial opportunities.

Count III – Defamation (NY law)
37–40. Defendant's agents, including Roth, published false factual statements branding Plaintiff a "fraud" and "scammer."
41. Such falsehoods are actionable under Milkovich v. Lorain Journal, 497 U.S. 1 (1990); Foster v. Churchill, 87 N.Y.2d 744 (1996).

Count IV – Unfair Competition / False Designation of Origin (15 U.S.C. § 1125(a); NY law)
42–46. Defendant's false filings, takedowns, defamation, and unauthorized licensing constitute unfair competition and false designation of origin. See ITC Ltd. v. Punchgini, 9 N.Y.3d 467 (2007); Roy Export v. CBS, 672 F.2d 1095 (2d Cir. 1982).

Count V – Declaratory Judgment (28 U.S.C. § 2201)
47–49. A controversy exists over Cosmos marks. Plaintiff seeks a declaration that Defendant's registrations are abandoned and invalid, and that Plaintiff's applications are valid.

Plaintiff further notes that four parallel cancellation proceedings are currently pending before the United States Trademark Trial and Appeal Board, all brought by Plaintiff against Cosmos Soccer Club LLC regarding the abandoned COSMOS and NEW YORK COSMOS marks. These proceedings include Cancellation No. 92089013 (filed July 9, 2025, challenging U.S. Reg. Nos. 3451687 and 4194899), Cancellation No. 92088873 (filed July 5, 2025, challenging U.S. Reg. Nos. 4522113 and 6782622), Cancellation No. 92088620 (filed June 12, 2025, challenging U.S. Reg. Nos. 3642948, 4202646, and 4202644), and Cancellation No. 92088618 (filed June 12, 2025, challenging U.S. Reg. No. 4202645). In these actions, Cosmos Soccer Club LLC has attempted to evade accountability by assigning disputed registrations to Hinchliffe Sports Partners LLC, a newly surfaced entity tied to Hinchliffe Stadium in Paterson, New Jersey, and represented by Dentons LLP. Defendants have opposed consolidation of these related proceedings, further evidencing a pattern of delay and obstruction, while simultaneously engaging in unauthorized commercialization of the COSMOS brand during the pendency of litigation. These TTAB proceedings and Defendants' assignments form part of the broader scheme of interference and suppression that underlies this federal action.

DISCOVERY NECESSITY
38. Plaintiff alleges that Defendant's conduct—through shell entities, coordinated filings, and attorney actions—may involve:

• Fabricated or misleading evidence submitted to regulators;
• Communications instructing third parties to disparage Plaintiff;
• Internal documents showing abandonment or bad-faith enforcement;
• Cross-border legal threats made for retaliatory purposes.

39. Plaintiff seeks discovery to uncover:

• Communications between Mediacom, Dentons LLP, and Cosmos-affiliated entities;
• Internal documentation of trademark usage, licensing, and revival plans;
• Social media and PR instructions issued to affiliates;

• Financial records and contracts relating to Cosmos brand monetization post-2020.

40. These facts are material to Plaintiff's claims, and discovery is essential to adjudicating the scope and intent of Defendant's actions.

COMPARATIVE LEGAL PRECEDENT
41. In Sprint Commc'ns Co. v. Mediacom Commc'ns Corp., No. 1:17-cv-01736 (D. Del.), the U.S. District Court held that Mediacom could not escape liability for infringing conduct simply by delegating responsibilities to third parties or international affiliates. The court found that Mediacom foreseeably benefited from, and was therefore subject to jurisdiction for, the acts of its indemnifying partner abroad.
42. Similarly, in the present matter, Mediacom has acted through a coordinated network of proxies and affiliates—including Cosmos Soccer Club LLC, Hinchliffe Sports Partners LLC, Dentons LLP, and others—to assert control over trademark enforcement, initiate foreign opposition filings, and interfere with U.S.-based commercial activity.
43. As in Sprint, such strategic delegation does not insulate Mediacom from liability; rather, it confirms Mediacom's central role in suppressing fair competition through cross-border legal manipulation and procedural interference.

INJUNCTIVE RELIEF REQUESTED
44. Plaintiff seeks temporary and permanent injunctive relief enjoining Defendant and its affiliates from:

• Sending or threatening takedown requests related to Cosmos 1970TM;
• Claiming exclusive rights to marks currently under TTAB cancellation;
• Commercializing Cosmos-related marks while litigation is pending;
• Publishing or communicating misleading claims about Plaintiff's rights.

45. Under eBay Inc. v. MercExchange, 547 U.S. 388 (2006), Plaintiff is entitled to such relief due to:

• Ongoing and irreparable harm;
• Inadequacy of monetary damages;

• Balance of equities favoring Plaintiff;
• Public interest in fair and transparent IP enforcement.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant the following relief:

A. A declaration that Plaintiff's use of NEW YORK COSMOS™ and related marks does not infringe any valid rights of Defendant under the Lanham Act;

B. Preliminary and permanent injunctive relief restraining Defendant, its officers, agents, attorneys, and affiliates from:

1. asserting exclusive rights to marks subject to pending cancellation proceedings;
2. initiating or threatening takedown requests directed at Plaintiff's platforms or campaigns; and
3. further commercializing Cosmos-related marks during the pendency of this litigation;

C. Compensatory damages in an amount to be proven at trial, but not less than $100,000, for lost investment, reputational harm, and related economic damages;

D. Leave to amend this Complaint to add additional defendants whose participation is revealed through discovery;

E. An order requiring corrective disclosures to third parties, including Wefunder, retracting misleading statements concerning Plaintiff's rights;

F. A declaration that Defendant's Cosmos registrations have been abandoned and/or fraudulently maintained, and that Defendant may not rely on them to interfere with Plaintiff's lawful activities;

G. Pre- and post-judgment interest as permitted by law;

H. Plaintiff's reasonable attorneys' fees, costs, and expenses pursuant to 15 U.S.C. § 1117 and applicable law; and

I. Such other and further relief as the Court deems just and proper.


RESERVATION OF ADDITIONAL CLAIMS
46. Plaintiff expressly reserves the right to amend this Complaint to add further claims, expand the damages sought, or include additional parties as more evidence is uncovered through discovery, whistleblowers, or subsequent commercial retaliation. Plaintiff anticipates that the damages stemming from this dispute may significantly exceed the current estimate.

JURY DEMAND

Plaintiff demands a jury trial on all issues triable by jury.

Dated: [Insert Date]
Respectfully submitted,

/s/ Scott Michaels
Scott Michaels
Pro Se Plaintiff

c/o Football Is For The Fans

Suite A
82 James Carter Road
Mildenhall
IP28 7DE
United Kingdom

## Exhibits

- **Exhibit A – YouTube Takedown**
  False trademark complaint submitted by Defendant, resulting in the removal of Plaintiff's "NY Cosmos 1970" YouTube channel. This was the primary vehicle for Plaintiff's crowdfunding campaign, and its removal directly undermined investor access and campaign visibility.

- **Exhibit B – Roth LinkedIn Statements**
  A series of three public posts by former Cosmos captain Werner Roth on LinkedIn, directly naming Plaintiff. Across these statements Roth falsely branded Plaintiff a "fraud," "scammer," and "opportunist," while attacking his credibility and professional integrity. These posts were timed alongside Defendant's litigation filings, weaponizing Roth's reputation in the football community to chill investor interest, intimidate supporters, and damage Plaintiff's professional network.

- **Exhibit C – Trademark Assignment**
  USPTO assignment records confirming Plaintiff's pending rights to NEW YORK COSMOS™ and COSMOS™ trademarks in International Classes 025 (clothing) and 041 (entertainment services).

- **Exhibit D – Fraudulent Trademark Renewals**
  USPTO maintenance filing for Reg. No. 76700978, submitted April 29, 2024, falsely claiming active use. The Cosmos' last competitive match occurred in September 2020, rendering the filing fraudulent.

- **Exhibit E – Mediacom Address Link**
  USPTO records listing Cosmos Soccer Club LLC's address as 1 Mediacom Way, Mediacom Park, NY 10918 — Mediacom's corporate headquarters — establishing corporate control over Cosmos filings.

- **Exhibit F – Wefunder Takedown**
  Removal of Plaintiff's Wefunder crowdfunding page following Defendant's interference, which destroyed campaign momentum, killed organic investor traction, and cut off access to capital.