UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

Scott Michaels,

Plaintiff,

v.

Mediacom Communications Corporation,

Defendant.

Case No. 1:25-cv-06596 (RA)(SDA)

PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Hon. Ronnie Abrams, U.S. District Judge

Hon. Stewart D. Aaron, U.S. Magistrate Judge

---

## INTRODUCTION

Plaintiff Scott Michaels ("Michaels" or "Plaintiff"), appearing pro se, respectfully moves this Court for a Temporary Restraining Order ("TRO") and Preliminary Injunction ("PI") enjoining Defendant Mediacom Communications Corporation ("Mediacom"), and those acting in concert with it, from enforcing or relying upon the purported trademarks "COSMOS" and "NEW YORK COSMOS" during the pendency of this action.

The supporting exhibits are drawn primarily from Plaintiff's sworn filings in the U.S. Trademark Trial and Appeal Board (TTAB), where cancellation proceedings against the COSMOS marks are pending. Each is a matter of federal record, executed under penalty of

perjury, and served on Defendant's counsel of record. Together with contemporaneous investor-suppression evidence (Exhibit F), they document abandonment, fraudulent maintenance, witness interference, reputational amplification, coordinated shell tactics, and Plaintiff's good-faith posture.

Under the Trademark Modernization Act of 2020 (TMA), Congress restored a rebuttable presumption of irreparable harm upon a showing of likelihood of success on the merits in preliminary-injunction proceedings. 15 U.S.C. § 1116(a). Plaintiff meets that standard and respectfully requests immediate equitable relief.

## BACKGROUND

**TTAB Proceedings.** Plaintiff is the Petitioner of record in TTAB Cancellation No. 92089013 (Football Is For The Fans, Inc. v. Cosmos Soccer Club LLC). Plaintiff's filings (Exhibits A–E) document abandonment, fraud, witness interference, Roth amplification, NASL coordination, and Plaintiff's good faith.

**Admissions of Dormancy.** Defendant admitted suspension of operations on January 29, 2021. Any "relaunch" occurred only after Plaintiff's cancellation petitions and cannot retroactively cure abandonment. See *Silverman v. CBS, Inc.*, 870 F.2d 40, 45–47 (2d Cir. 1989).

**Fraudulent Maintenance.** Defendant renewed COSMOS marks with fabricated "use" specimens (e.g., Transfermarkt rosters). Fraud on the USPTO requires proof of specific intent to deceive. *In re Bose Corp.*, 580 F.3d 1240, 1243–46 (Fed. Cir. 2009).

**Roth Slander + Amplification.** Former Cosmos captain Werner Roth publicly accused

Plaintiff of fraud. Cosmos/Mediacom-controlled channels then amplified and promoted Roth's name on social media, republishing the accusations and attaching the Cosmos brand to them. These republications constitute adoptive admissions under FRE 801(d)(2)(B).

**Investor Suppression.**

- **Wefunder (Ex. F-1):** On June 24, 2025, Wefunder unpublished Plaintiff's campaign, confirming it would only be reinstated if Plaintiff proved the COSMOS marks had been canceled or licensed.

- **Dealmaker (Ex. F-2):** On July 30, 2025, Dealmaker initially told Plaintiff "The Cosmos will kill it," but by September 2, 2025, confirmed it could not support a Cosmos raise, though open to other projects.

- **$60,000 Pledge (Ex. F-3):** On July 15, 2025, Plaintiff received notice of a $60,000 pledge from investor Azim Ghader. The pledge never funded. While Plaintiff cannot state with certainty why, the withdrawal occurred immediately after Defendant's Cosmos relaunch on July 10, 2025, and in the shadow of Wefunder's forced takedown and rebrand. The timing shows that Defendant's enforcement created confusion and destabilized investor confidence.

**Need for Discovery.** Much of the relevant evidence lies within Defendant's exclusive control: (i) who authorized or coordinated Roth's campaign, (ii) which Mediacom affiliates amplified it, and (iii) who directed Dentons to issue takedowns. Courts in this District grant expedited discovery "for good cause" where narrowly tailored and necessary to prevent irreparable harm. *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326–27 (S.D.N.Y. 2005).

**LEGAL STANDARD**

To obtain a TRO or PI, a party must establish (1) likelihood of success on the merits, (2) irreparable harm absent relief, (3) balance of hardships tipping in plaintiff's favor, and (4) that the injunction is in the public interest. *Winter v. NRDC*, 555 U.S. 7 (2008).

Trademark abandonment arises after three consecutive years of nonuse, which constitutes prima facie abandonment. 15 U.S.C. § 1127; *La Société Anonyme des Parfums Le Galion v. Jean Patou, Inc.*, 495 F.2d 1265, 1273–74 (2d Cir. 1974).

---

**ARGUMENT**

**I. PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS**

- **Exhibit A (TTAB Supplemental Submission, July 22, 2025):** >4 years nonuse, Defendant's Jan. 2021 suspension admission, and fraudulent specimens. See *Silverman*, 870 F.2d at 45–47.

- **Exhibit B (TTAB Witness Interference, July 28, 2025):** Counsel outreach to Matt Le Tissier evidences bad-faith enforcement.

- **Exhibit C (Roth Slander + Cosmos Amplification):** Roth's defamatory accusations amplified and promoted by Cosmos/Mediacom social-media channels. These republications are adoptive admissions under FRE 801(d)(2).

- **Exhibit D (TTAB NASL Declaration, Aug. 8, 2025):** Shows Mediacom/Cosmos/NASL coordination: leadership overlap, disavowals, oppositions, retaliatory filings, and shared counsel.

- **Exhibit E (TTAB Good Faith Declaration, Aug. 1, 2025):** Establishes Plaintiff's

transparent outreach and public notice.

- **Exhibit F (Investor Suppression Evidence Pack):** Wefunder takedown, Dealmaker chill, and $60,000 pledge collapse together demonstrate capital-raising harm tied to Defendant's actions.

This evidence demonstrates abandonment, fraud, and bad-faith enforcement. Courts need not await TTAB resolution before granting injunctions. *Goya Foods, Inc. v. Tropicana Prods., Inc.*, 846 F.2d 848, 853–54 (2d Cir. 1988).

---

## II. PLAINTIFF WILL SUFFER IRREPARABLE HARM ABSENT RELIEF

- **Presumption under TMA.** Likelihood of success triggers a presumption of irreparable harm. 15 U.S.C. § 1116(a).

- **Investor Suppression (Ex. F).** Wefunder unpublished Plaintiff's campaign until COSMOS marks were canceled. Dealmaker withdrew support. A $60,000 pledge evaporated days after Defendant's relaunch. Together, these show that Defendant's actions created investor confusion and chilled confidence in Plaintiff's projects.

- **Reputational Harm (Ex. C).** Cosmos/Mediacom's amplification of Roth's defamatory remarks further undermined sponsor and investor confidence.

- **Authentication.** Social-media messages, Wefunder correspondence, and investor pledges will be authenticated by full-frame screenshots and sworn declaration, as required under FRE 901. See *United States v. Vayner*, 769 F.3d 125, 130–33 (2d Cir. 2014).

These harms are immediate, ongoing, and not compensable with money damages.

## III. BALANCE OF HARDSHIPS FAVORS PLAINTIFF

Plaintiff risks collapse of projects and lost 2026 World Cup cycle momentum. Defendant admitted dormancy and suffers no material hardship from suspending reliance on disputed marks pending adjudication.

## IV. PUBLIC INTEREST STRONGLY SUPPORTS INJUNCTION

- **Exhibit A:** Industry letters validate legitimacy of Plaintiff's project.
- **Exhibit B:** Witness interference undermines judicial integrity.
- **Exhibit C:** Cosmos/Mediacom's amplification of defamatory attacks shows systemic bad faith and reputational interference.
- **Exhibit D:** NASL coordination evidences retaliatory enforcement.
- **Exhibit E:** Plaintiff acted transparently and in good faith.
- **Exhibit F:** Investor suppression blocked community funding and capital formation.

Preventing weaponization of likely-abandoned marks and protecting community investment align with the public interest.

## REQUESTED RELIEF

Plaintiff respectfully requests that this Court:

1. Grant a Temporary Restraining Order enjoining Defendant from asserting or

enforcing rights in the COSMOS marks pending resolution of this motion;

2. Grant a Preliminary Injunction enjoining Defendant from enforcing or relying upon the COSMOS marks during this litigation;

3. Order expedited discovery into Defendant's relationship with Roth, its affiliates, and its counsel regarding enforcement;

4. Enjoin Defendant and its counsel from issuing takedown demands to funding platforms pending resolution;

5. Require Defendant to operate under a different name until the TTAB resolves the validity of the COSMOS marks; and

6. Grant such other relief as the Court deems just and proper.

**EXHIBIT INDEX**

- Exhibit A – TTAB Supplemental Submission (07/22/2025).

- Exhibit B – TTAB Witness Interference (07/28/2025).

- Exhibit C – Roth Slander + Cosmos/Mediacom Amplification (social media).

- Exhibit D – TTAB NASL Declaration (08/08/2025).

- Exhibit E – TTAB Good Faith Declaration (08/01/2025).

- Exhibit F – Investor Suppression Evidence Pack (F-1 Wefunder takedown, F-2 Dealmaker withdrawal, F-3 $60,000 pledge collapse).

**CONCLUSION**

Exhibits A–F collectively demonstrate abandonment, fraud, irreparable harm, and Defendant's bad-faith enforcement tactics. Exhibits A–E are sworn TTAB filings; Exhibit F is contemporaneous investor correspondence and funding records. Together, these materials establish both likelihood of success and irreparable harm under 15 U.S.C. § 1116(a).

Dated: September 27, 2025

Respectfully submitted,

/s/ Scott Michaels

Scott Michaels

Plaintiff, Pro Se

Suite A, 82 James Carter Road

Mildenhall, IP28 7DE

United Kingdom

scottmatchmaker@gmail.com

27th September 2025