UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Scott Michaels,<br><br>                    Plaintiff,<br><br>-against-<br><br>Mediacom Communications Corporation,<br><br>                    Defendant. | 1:25-cv-06596 (RA) (SDA)<br><br>**ORDER** |

**STEWART D. AARON, United States Magistrate Judge:**

The above-referenced action has been referred to Magistrate Judge Stewart D. Aaron for general pretrial management and dispositive motions, pursuant to 28 U.S.C. § 636(b)(1)(A)-(C). (Am. Order of Ref., ECF No. 19.) All pretrial motions and applications, including those related to scheduling and discovery, must be made to Judge Aaron and in compliance with this Court's Individual Practices, available on the Court's website at https://nysd.uscourts.gov/hon-stewart-d-aaron.

*Pro Se* Plaintiff Scott Michaels ("Plaintiff") commenced this action on August 7, 2025, alleging that defendant Mediacom Communications Corporation ("Mediacom") is unlawfully interfering with Plaintiff's "trademark applications and business expectancy" related to the Cosmos 1970™ brand. (Compl., ECF No. 1) On August 22, 2025, Hinchliffe Sports Partners, LLC d/b/a Cosmos ("Hinchliffe") filed a complaint against Plaintiff and two entities, Football Is For The Fans Ltd. and Football Is For the Fans, Inc., to which Plaintiff is an organizer, managing member and principal owner and operator(collectively, the "Hinchliffe Action Defendants"), in a separate action formerly pending before District Judge Garnett and now reassigned to District Judge

Abrams and the undersigned. (Compl., ECF No. 1, 25-CV-06984 (RA) (SDA), the "Hinchliffe Action").

On September 4, 2025, in the Hinchliffe Action, Hinchliffe filed an Order to Show Cause ("OTSC") for a temporary injunction enjoining and restraining the Hinchliffe Action Defendants from using trademarks and names associated with the New York Cosmos. (9/4/25 OTSC, ECF No. 15, 25-CV-06984.) On the same day, District Judge Garnett scheduled a conference for September 15, 2025, to address the OTSC. (9/4/25 Order, ECF No. 20, 25-CV-06984.) On September 16, 2025, District Judge Garnett entered an order enjoining the Hinchliffe Action Defendants, "their affiliates, subsidiaries, parents and their respective officers, agents, servants, attorneys, and employees, and all persons and entities in active concert or participation with them" from using the Cosmos Marks, among other things. (*See* 9/16/25 Order, ECF No. 42, 25-CV-06984.)

On September 24, 2025, in the action now before the Court, Plaintiff filed an emergency motion for a temporary restraining order ("TRO") and preliminary injunction together with exhibits and a declaration in support thereof. (9/24/25 Appl., ECF No. 12; Exhs. to 9/24/25 Appl., ECF Nos. 12-1 to 12-7; 9/24/25 Decl., ECF No. 13.) Plaintiff requests in his September 24 Application that the Court enjoin Defendant and Hinchliffe from "using, licensing, or commercially exploiting the 'Cosmos' or 'New York Cosmos'" marks pending resolution of this dispute. (9/24/25 Appl. at PDF p. 3.)

On September 27, 2025, Plaintiff filed another emergency motion for a TRO and preliminary injunction together with exhibits and a declaration in support thereof, which was entered on the docket on September 29, 2025. (9/27/25 Appl., ECF No. 17; Exhs. to 9/27/25 Appl., ECF Nos. 17-1 to 17-6; 9/27/25 Decl., ECF No. 18.) Plaintiff requests in his September 27

2

Application that the Court enjoin Defendant from "asserting or enforcing rights in the COSMOS marks" pending the resolution of his motion. (9/27/25 Appl. at PDF pp. 6-7.)

Plaintiff has not filed proof of service of the September 24 and 27 Applications on Mediacom or "certifi[ed] in writing any efforts made to give notice and the reasons why [notice to Mediacom of the TROs] should not be required[,]" therefore the Court cannot at this time consider granting a TRO. *See* Fed. R. Civ. P. 65(b)(1)(B).

In addition, it appears to be procedurally improper for the Court to consider granting Plaintiff the relief requested in his Applications because such relief would be in conflict with the September 16 Order entered by Judge Garnett in favor of Hinchliffe enjoining Plaintiff from use of the Cosmos Marks. If Plaintiff seeks relief from the September 16 Order, it seems to the Court that such request for relief must be made through a motion to vacate in the Hinchliffe Action (and such a motion is pending in the Hinchliffe Action and will be addressed by the Court in that action).

Accordingly, no later than October 13, 2025, Plaintiff shall (1) either (a) supplement the Applications with the information required under Federal Rule of Civil Procedure 65(b)(1) for the issuance of a TRO without notice to Mediacom, or (b) file proof of service on Mediacom of the Applications; (2) provide notice to Hinchliffe of the Applications filed by Plaintiff in this action, since the relief sought by Plaintiff impacts Hinchliffe; and (3) show cause in a letter filed to the ECF docket as to why the relief sought in the Applications is procedurally proper in light of the injunctive relief granted in the Hinchliffe Action.

**SO ORDERED.**

Dated: New York, New York
September 30, 2025

_____
STEWART D. AARON
United States Magistrate Judge