UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Scott Michaels,<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>-against-<br><br>Mediacom Communications Corporation,<br><br>　　　　　　　　　　　　　Defendants. | 1:25-cv-06596 (RA) (SDA)<br><br>**REPORT AND RECOMMENDATION** |

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

**TO THE HONORABLE RONNIE ABRAMS, UNITED STATES DISTRICT JUDGE:**

Pending before the Court are the motions of *pro se* Plaintiff Scott Michaels ("Plaintiff" or "Michaels") for a temporary restraining order ("TRO") and preliminary injunction (Pl.'s 9/24/25 Mot., ECF No. 12; Pl.'s 9/27/25 Mot., ECF No. 17), as well as his "emergency submission" to restrain Defendant Mediacom Communications Corporation ("Defendant" or "Mediacom") from using marks associated with the New York Cosmos ("Cosmos Marks") at an event on October 4, 2025. (Pl.'s 9/30/25 Submission, ECF No. 30.) For the reasons set forth below, it is respectfully recommended that Plaintiff's motions for a TRO, and his request for immediate injunctive relief related to the October 4, 2025 event, be DENIED.

## BACKGROUND

Michaels commenced this action on August 7, 2025, alleging that Mediacom is unlawfully interfering with his "trademark applications and business expectancy" related to the Cosmos 1970™ brand. (Compl., ECF No. 1) On August 22, 2025, Hinchliffe Sports Partners, LLC d/b/a Cosmos ("Hinchliffe") filed a complaint against Michaels and two entities, Football Is For The Fans Ltd. and Football Is For the Fans, Inc., to which Michaels is an organizer, managing member and

principal owner and operator(collectively, the "Hinchliffe Action Defendants"), in a separate action formerly pending before District Judge Garnett and now reassigned to District Judge Abrams and the undersigned. (Compl., ECF No. 1, 25-CV-06984 (RA) (SDA), the "Hinchliffe Action").

On September 4, 2025, in the Hinchliffe Action, Hinchliffe filed an Order to Show Cause ("OTSC") for a temporary injunction enjoining and restraining Michaels, as well as the other Hinchliffe Action Defendants, from using trademarks and names associated with the New York Cosmos. (9/4/25 OTSC, ECF No. 15, 25-CV-06984.) On the same day, District Judge Garnett scheduled a conference for September 15, 2025, to address the OTSC. (9/4/25 Order, ECF No. 20, 25-CV-06984.) On September 16, 2025, District Judge Garnett entered an order enjoining Michaels, as well as the other Hinchliffe Action Defendants, "their affiliates, subsidiaries, parents and their respective officers, agents, servants, attorneys, and employees, and all persons and entities in active concert or participation with them" from using Cosmos Marks, among other things. (See 9/16/25 Order, ECF No. 42, 25-CV-06984.)

On September 24, 2025, Michaels filed in this action one of the motions now before the Court for a TRO and preliminary injunction. (*See* Pl.'s 9/24/25 Mot.) Plaintiff requests in his September 24 motion that the Court enjoin Mediacom and Hinchliffe from "using, licensing, or commercially exploiting the 'Cosmos' or 'New York Cosmos'" marks pending resolution of this dispute. (Pl.'s 9/24/25 Mot. at PDF p. 3.)

On September 27, 2025, Michaels filed another motion now before the Court for a TRO and preliminary injunction. (*See* Pl.'s 9/27/25 Mot.) Michaels requests in his September 27 motion

that the Court enjoin Mediacom from "asserting or enforcing rights in the COSMOS marks" pending the resolution of his motion. (*Id*. at PDF pp. 6-7.)

Because Michaels had not complied with Federal Rule of Civil Procedure 65(b)(1)(B), and because of the injunctive relief granted in the Hinchliffe Action, on September 30, 2025, the Court entered an Order stating, in part, as follows:

> [N]o later than October 13, 2025, Plaintiff shall (1) either (a) supplement the Applications with the information required under Federal Rule of Civil Procedure 65(b)(1) for the issuance of a TRO without notice to Mediacom, or (b) file proof of service on Mediacom of the Applications; (2) provide notice to Hinchliffe of the Applications filed by Plaintiff in this action, since the relief sought by Plaintiff impacts Hinchliffe; and (3) show cause in a letter filed to the ECF docket as to why the relief sought in the Applications is procedurally proper in light of the injunctive relief granted in the Hinchliffe Action.

(9/30/25 Order, ECF No. 21.)

On September 30, 2025, Michaels made multiple filings in response to the Court's Order, in an effort to comply with such Order, including ECF Nos. 25, 26, 27 and 28. Also on September 30, 2025, Michaels filed his request now before the Court seeking immediate injunctive relief related to the October 4 event. (*See* Pl.'s 9/30/25 Submission.)

## **DISCUSSION**

To justify a TRO, a movant must show: (1) irreparable harm absent injunctive relief; (2) either a likelihood of success on the merits, or a serious question going to the merits to make them a fair ground for trial, with a balance of hardships tipping decadently in the plaintiff's favor; and (3) that the public's interest favors granting an injunction. *See Metro. Taxicab Bd. of Trade v. City of New York*, 615 F.3d 152, 156 (2d Cir. 2010) (citation omitted). "[A] TRO, perhaps even more so than a preliminary injunction, is an 'extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Free*

3

*Country Ltd v. Drennen*, 235 F. Supp. 3d 559, 565 (S.D.N.Y. 2016) (quoting *JBR, Inc. v. Keurig Green Mountain, Inc.*, 618 F. App'x 31, 33 (2d Cir. 2015)).

The Court recommends that Plaintiff's motions for a TRO, and his request for immediate injunctive relief, be denied because Plaintiff has not shown a "serious question going to the merits," the minimal merits showing necessary to support a TRO. Plaintiff has not shown that he owns the Cosmos Marks. Indeed, the record in the Hinchliffe Action reflects that he does not. Thus, Plaintiff does not come close to meeting the burden required for the drastic relief he seeks.

## CONCLUSION

For the reasons set forth above, it is respectfully recommended that Plaintiff's motions for a TRO, and his request for immediate injunctive relief related to the October 4, 2025 event, be DENIED. The Court will set a schedule for briefing on Plaintiff's motion for a preliminary injunction once Mediacom has appeared in this action.

Dated:      October 1, 2025
            New York, New York

_____
**STEWART D. AARON**
**United States Magistrate Judge**

\*          \*          \*

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. *See* 28 U.S.C.

§ 636(b)(1); Fed. R. Civ. P. 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Abrams.

**THE FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); *Thomas v. Arn,* 474 U.S. 140 (1985).