UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SCOTT MICHAELS,<br><br>      Plaintiff,<br><br>    v.<br><br>MEDIA COMMUNICATIONS CORPORATION,<br><br>      Defendant. | 25-CV-6596 |
| SCOTT MICHAELS,<br><br>      Plaintiff,<br><br>    v.<br><br>WERNER ROTH,<br><br>      Defendant. | 25-CV-6942<br><br>ORDER |
| SCOTT MICHAELS,<br><br>      Plaintiff,<br><br>    v.<br><br>UNITED STATES PATENT AND TRADEMARK OFFICE; and KATHI VIDAL, in her official capacity as Director of the USPTO,<br><br>      Defendants. | 25-CV-7019 |

RONNIE ABRAMS, United States District Judge:

  Plaintiff Scott Michaels, proceeding *pro se*, brought the three above captioned actions against Defendants. All three cases relate to a separate trademark dispute, also pending before this Court, in which Michaels is a defendant. *See Hinchliffe Sports Partners, LLC v. Football Is For The Fans LTD., et al.*, 25-CV-6984 (S.D.N.Y.). In the three cases in which Michaels is the

plaintiff, Michaels requested and received permission to proceed *in forma pauperis* ("IFP"), or without payment of fees, based on allegations of poverty. The Court determines today that Michaels' allegations of poverty were unsubstantiated in the above-captioned matters. Accordingly, all three of the above captioned cases are dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

## BACKGROUND

Michaels is a defendant in a separate action in which it is alleged that he usurped Hinchliffe Sports Partners, LLC's exclusive rights to the New York Cosmos soccer team trademark. He filed the three above-captioned cases in response. Each case, though seeking different relief and against different defendants, relates to Michaels's purported interest in and ownership of the Cosmos trademark.

In each of the three cases in which he is a plaintiff, Michaels sought IFP status. In order to obtain IFP status, Michaels declared under penalty of perjury that he was "unable to pay the $402 filing fee without serious financial hardship to [him]self or [his] dependents." *See Michael v. Media Commc'n Corp.*, 25-CV-6596, Dkt. No. 2 (S.D.N.Y. Aug. 7, 2025); *Michaels v. Roth*, 25-CV-6942, Dkt. No. 2 (S.D.N.Y. Aug. 21, 2025); *Michaels v. U.S. Pat. & Trademark Office et al.*, 25-CV-7019, Dkt. No. 2 (S.D.N.Y. Aug. 24, 2025). All three of Plaintiff's IFP applications were granted, and his filing fees were waived.

On October 2, 2025, counsel for the plaintiff in *Hinchliffe Sports Partners* filed a declaration referencing a post Michaels made on a personal blog. *See Michaels v. Roth*, 25-CV-6942, Dkt. No. 13 (Order to Show Cause); *Hinchliffe Sports Partners*, 25-CV-6984, Dkt. No. 67 (Counsel's Decl.); *id.*, Dkt. No. 67-14 (blog post). The blog post suggests that Michaels was far from facing financial hardship such that he was able to pay the $402 filing fees in the above

2

captioned matters. *Id.* Among other claims, Michaels wrote on his personal blog that he had "[b]uilt and sold [a] multi-million dollar eComm business" and "represent[ed] over $100 million in player value" as a player agent. *Id.*

Magistrate Judge Aaron, to whom all four of the cases involving Michaels are referred for pretrial purposes, issued an Order to Show Cause on October 15, 2025, giving Michaels until October 22, 2025 to show cause why the three cases in which Michaels is a plaintiff should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(A), which requires dismissal when a court determines that an IFP plaintiff's allegation of poverty is untrue. *See Michaels v. Roth*, 25-CV-6942, Dkt. No. 13 (Order to Show Cause). Michaels did not respond to the Order to Show Cause. *Id.*, Dkt. No. 14. On October 24, 2025, Magistrate Judge Aaron gave Michaels another opportunity to respond to the Order to Show Cause or, in the alternative, pay the filing fee in each of the three actions he had brought. *Id.* The October 24 order had a deadline of October 28, 2025. *Id.* Again, Michaels did not respond, nor did he pay the filing fees. Michaels is registered for ECF notifications at his email address in all three cases, and he continued to make filings in the *Hinchliffe Sports Partners* case in the days after Judge Aaron issued the Order to Show Cause, *see, e.g., Hinchliffe Sports Partners*, 25-CV-6984, Dkt. No. 105 (filed on October 18, 2025), indicating that he received Judge Aaron's October 15 Order to Show Cause. For the reasons discussed below, the three above captioned cases are thus dismissed, albeit without prejudice.

**LEGAL STANDARD**

"The federal [IFP] statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts. [It] allows a litigant to commence a civil or criminal action in federal court [IFP] by filing in good faith an affidavit stating, *inter alia,* that he is unable to pay the costs of the lawsuit." *Neitzke v. Williams*,

3

490 U.S. 319, 324 (1989). The IFP statute requires that courts "dismiss the case [in which a plaintiff is proceeding IFP] at any time if the court determines that . . . the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). The IFP statute "neither requires a litigant to demonstrate absolute destitution, nor requires dismissal for inaccuracies, misstatements, or minor misrepresentations made in good faith." *Manzano v. Portfolio Recovery Assocs., LLC*, 24-CV-0500, 2024 WL 455205, at *1 (S.D.N.Y. Feb. 5, 2024). Dismissal is required, however, "where a plaintiff conceals or misrepresents his or her financial assets or history in bad faith to obtain [IFP] status. [D]eliberate concealment of income in order to gain access to a court without prepayment of ... fees is an example of such bad faith." *Id.* (internal citations omitted). Courts may dismiss an action *sua sponte* (i.e., of their own volition), pursuant to Federal Rule of Civil Procedure 41(b).

## DISCUSSION

The Court dismisses the three actions Michaels filed with IFP status. Dismissal under 28 U.S.C. § 1915(e)(2)(A) is "mandatory" when a court concludes that "the allegation of poverty is untrue." *Cuoco v. U.S. Bureau of Prisons*, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004). Michaels's own public pronouncements of his wealth, made as recently as April of this year, directly contradict his statements of financial hardship that formed the basis of his IFP applications. *See Hinchliffe Sports Partners*, 25-CV-6984, Dkt. No. 67-14 (blog post). Furthermore, Michaels has had the full opportunity to either pay the required filing fees or provide any response to Judge Aaron's Order to Show Cause. Despite actively participating in other litigation before this Court, he has made no effort to respond to the Order to Show Cause, nor has he paid any of the required filing fees.

Michaels's apparent misrepresentation not only flouts the clear requirements of the IFP statute, but undermines the statute's very purpose: to ensure litigants without means have the ability to obtain justice. "The aim of [IFP] status is to prevent individuals from becoming 'public

4

charges' because of the costs of a suit." *Rosa v. Doe*, 86 F.4th 1001, 1009 (2d Cir. 2023). "In enacting the federal [IFP] statute, Congress intended to guarantee that no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States, solely because poverty makes it impossible to pay or secure the costs of litigation." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (cleaned up). When plaintiffs with sufficient financial resources take improper advantage of the system by wrongfully filing IFP, the entire justice system suffers.

Finally, the Court notes that because these cases are dismissed without prejudice, this Order will not deprive Michaels of the ability to again pursue the legal relief sought in these three cases.

## CONCLUSION

For the above reasons, the cases captioned 25-CV-6596, 25-CV-6942, and 25-CV-7019 are dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of Court is respectfully directed to terminate all pending motions and to close those three cases.

SO ORDERED.

Dated:   October 31, 2025
         New York, New York

_____
Hon. Ronnie Abrams
United States District Judge